MARC E. JOHNSON, Judge.
 

 12Pefendant filed an appeal of his sentence of 20 years at hard labor without the benefit of probation or suspension of sentence from the 24th Judicial District Court. After an error patent review of the record, we vacate the multiple offender sentence and remand the case to the trial court for resentencing of defendant.
 

 STATEMENT OF THE CASE
 

 A Jefferson Parish grand jury indicted Defendant, Craig London, on September 30, 2002 and charged him with second degree murder in violation of LSA-R.S. 14:3o.!.
 
 [1]
 
 He pled not guilty and filed several pre-trial motions, including a motion to suppress the evidence and statement. The motion was denied after a hearing. The State, subsequently, amended the indictment to charge Defendant with the lesser offense of manslaughter in violation of LSA-R.S. 14:30. Defendant withdrew his not guilty plea and pled guilty to the amended manslaughter charge. Pursuant to a plea agreement, the trial court sentenced Defendant to 20 years at hard labor.
 

 | .-¡Thereafter, the State filed a habitual offender bill of information alleging that Defendant was a second felony offender based on a prior conviction for aggravated battery. Pursuant to a plea agreement, Defendant stipulated to the allegations contained in the habitual offender bill. The trial court vacated Defendant’s original 20 year sentence at hard labor and imposed an enhanced sentence of 20 years without the benefit of probation or suspension of sentence under LSA-R.S. 15:529.1.
 

 Defendant, subsequently, obtained this out-of-time appeal.
 

 FACTS
 

 Because Defendant pled guilty, the facts and circumstances surrounding the offense
 
 *1152
 
 are not developed in the record. During the plea colloquy, the State stated that on March 12, 2001, Defendant and his co-defendant, Brandon Robertson, walked into Harriet Braun’s notary and title company located on Williams Boulevard in Kenner and shot her dead.
 

 ERROR PATENT DISCUSSION
 

 [2]
 

 In accordance with La. C. Cr. P. art. 920,
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975), and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), the record was reviewed for errors patent. We find that the habitual offender bill of information is defective. In the bill, the State sought to enhance Defendant’s manslaughter sentence based on an aggravated battery conviction that was not obtained until after the commission of the manslaughter.
 

 Defendant’s underlying offense of manslaughter was committed on March 12, 2001. He was not convicted until September 26, 2007. The habitual offender bill alleges Defendant was convicted of the predicate offense on November 29, |42001. Thus, the predicate conviction occurred after the commission of the underlying offense but prior to the conviction for the underlying offense.
 

 In
 
 State v. Johnson,
 
 03-2993, p. 18 (La.10/19/04), 884 So.2d 568, 578, the Louisiana Supreme Court held that from its inception, LSA-R.S. 15:529.1 has required that “for sentence enhancement purposes, the subsequent felony must be committed after the predicate conviction or convictions.” The Louisiana Supreme Court reiterated this requirement in
 
 State v. Shaw,
 
 06-2467, p. 13 (La.11/27/07), 969 So.2d 1233, 1241.
 

 In
 
 State v. Newman,
 
 99-841, p. 13 (La. App. 5 Cir. 12/15/99), 750 So.2d 252, 259, this Court addressed the same issue as the result of an error patent review. In
 
 Newman,
 
 the defendant was alleged to be a fourth felony offender. He committed the underlying offense on April 1, 1996 but was not convicted of the third predicate offense until December 1, 1997. This Court noted that, although the conviction for the underlying offense was obtained after the conviction for the third offense, the underlying offense was committed pri- or to the conviction for the third predicate offense. Thus, the defendant should not have been found to be a fourth felony offender.
 
 [3]
 

 
 *1153
 
 |sAlso, in
 
 State v. Gilbert,
 
 99-315, p. 7 (La.App. 5 Cir. 4/25/00), 760 So.2d 586, 539, this Court found a similar legal defect in the habitual offender bill that required the defendant’s stipulation and sentence as a second felony offender be vacated. The defendant committed the underlying offense on April 2, 1998. The State filed a habitual offender bill alleging the defendant was a second felony offender based on a predicate conviction that was obtained on April 10, 1998. After being advised of his habitual offender rights, the defendant admitted the allegations contained in the bill. This Court determined that because the conviction for the predicate offense did not occur prior to the commission of the underlying offense, the predicate conviction could not be used to enhance the defendant’s sentence. This Court noted that, although the defendant admitted to the allegations in the habitual offender bill, he could not be a habitual offender under La. R.S. 15:529.1 based on the predicate conviction.
 
 [4]
 

 Id.
 
 at 8, 760 So.2d at 540.
 

 In the present case, Defendant was alleged to be a second felony offender based on a predicate conviction obtained after the commission of the underlying offense. Pursuant to
 
 Johnson
 
 and reiterated in
 
 Shaw,
 
 Defendant could not have been found to be a second felony offender based on a predicate conviction obtained after the commission of the underlying felony.
 

 Therefore, we vacate Defendant’s stipulation to the habitual offender bill, and the matter will be remanded to the trial court, so Defendant can be re-sentenced as a first offender.
 
 [5]
 

 |
 
 ^ASSIGNMENTS OF ERROR
 

 Although defendant raised four assignments of error in his brief concerning his
 
 *1154
 
 sentence according to the plea agreement, the original plea agreement and sentence were vacated and superseded by Defendant’s stipulation to the habitual offender bill. As a result, Defendant’s assignments of error are rendered moot by our finding that the habitual offender bill is defective, and that the enhanced sentence must be set aside.
 

 DECREE
 

 For the foregoing reasons, we vacate the habitual offender sentence and remand the case to the trial court for resentencing of Defendant, in accordance with the law.
 

 SENTENCE VACATED; REMANDED TO TRIAL COURT FOR RESEN-TENCING.
 

 . The error patent discussion is presented first because there is an error patent that requires Defendant's multiple offender stipulation and sentence to be set aside, thereby, rendering all of Defendant’s assignments of error moot.
 

 [1]
 

 . Co-defendant, Brandon Robertson, was also charged in the indictment. The defendants were severed for purposes of trial. Robertson was convicted of second degree murder and his conviction was affirmed on appeal.
 
 State v. Robertson,
 
 08-297 (La.App. 5 Cir. 10/28/08), 995 So.2d 650.
 

 [3]
 

 . Of note, the
 
 Newman
 
 court relied on
 
 State ex rel Mims v. Butler,
 
 601 So.2d 649 (La. 1992), which has since been overruled by
 
 State v. Johnson, supra.
 
 In
 
 Mims,
 
 the Louisiana Supreme Court determined that LSA-R.S. 15:529.1 contained a sequential requirement for enhanced penalties in the sentencing of habitual offenders. Specifically,
 
 Mims
 
 determined that the defendant could not be found to be a third felony offender because two of the predicate convictions were obtained on the same day. The Louisiana Supreme Court explained that a second offender status can only result from an offense committed after a first conviction, and third offender status can only result from an offense committed after a conviction which qualifies defendant as a second offender. Thus, under
 
 Mims,
 
 LSA-R.S. 15:529.1 had a sequential requirement where there had to be a commission followed by a conviction, then commission followed by another conviction.
 
 State ex rel Mims v. Butler, supra
 
 at 650-51. This sequential requirement had become known as the "one day, one conviction rule.”
 
 State v. Shaw,
 
 06-2467, p. 12 (La.11/27/07), 969 So.2d 1233, 1241.
 

 In overruling
 
 Mims,
 
 the Louisiana Supreme Court in
 
 Johnson,
 
 884 So.2d at 570, determined that a 1982 amendment to LSA-R.S. 15:529.1 removed the statute’s sequential requirement for enhanced penalties in the sentencing of multiple offenders. As such, the Supreme Court concluded that the defendant
 
 *1153
 
 could be found to be a fourth felony offender because he had been convicted three times at the time he committed the underlying felony. It no longer mattered, as it did under the sequential requirement, that two of the prior convictions were obtained on the same day.
 

 Despite relying on
 
 Mims,
 
 this Court's conclusion in
 
 Newman
 
 is still valid. As explained in
 
 Johnson,
 
 "the only requirement in the [habitual offender] statute is one which has been imposed from the inception: for sentence enhancement purposes, the subsequent felony must be committed after the predicate conviction or convictions.” In
 
 Newman,
 
 the subsequent felony was committed before the third predicate conviction, and, therefore, defendant could not be a fourth felony offender based on the charged third predicate.
 

 [4]
 

 . The
 
 Gilbert
 
 court likewise relied on
 
 Mims
 
 in its reasoning. However, as discussed above in footnote 3, in light of the supreme court’s clarification in
 
 Johnson,
 
 this Court's reliance on
 
 Mims
 
 does not invalidate the result reached in
 
 Gilbert.
 

 [5]
 

 . Generally, a plea of guilty waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Crosby,
 
 338 So.2d 584, 588 (La. 1976);
 
 State v. Gaspard,
 
 01-1042, p. 3 (La.App. 5 Cir. 5/29/02), 820 So.2d 1095, 1096.
 

 In
 
 Crosby,
 
 the Louisiana Supreme Court defined jurisdictional defects as those which, even conceding a defendant's factual guilt, do not permit conviction of the charged offense. The Supreme Court listed the following examples of jurisdictional defects: (1) the lack of jurisdiction of the sentencing court, (2) the conviction represents double jeopardy, (3) the prosecution had prescribed at the time it was instituted, (4) the State lacked constitutional or legal power to Uy the defendant for the charged offense, (5) the statute under which prosecution is brought is unconstitutional, (6) the charge in the indictment does not constitute a crime, and (7) certain types of patent errors that prevent conviction for the offense.
 
 Id.
 
 at 588.
 

 As noted in
 
 Gilbert,
 
 Defendant could not be a multiple offender under LSA-R.S. 15:529.1 based on the predicate offense alleged in the multiple bill. Thus, this error patent prevents defendant from being adjudication as a multiple offender. Accordingly, defendant’s stipulation to the multiple bill did not waive this legal defect.