CRAIN, J.
| ;>The defendant, Jeremy John Passow, pled guilty to third-offense driving while intoxicated (DWI) pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and was sentenced to five-years imprisonment at hard labor. He now appeals challenging the trial court’s denial of his motion to quash two of the predicate offenses. We affirm the conviction and sentence, as amended to comply with the mandatory sentencing provisions of Louisiana Revised Statute 14:98D(l)(a).
PROCEDURAL HISTORY
The defendant was charged by amended bill of information with one count of fourth-or-subsequent-offense DWI, a violation of Louisiana Revised Statute 14:98. He pled not guilty. He then moved to quash the predicate convictions used to support the charge of DWI fourth-or-subsequent offense. Following a hearing, the trial court granted the motion as to two of the predicate convictions and denied the motion as to two others. The bill of information was then amended to charge the defendant with third-offense DWI. The defendant pled guilty pursuant to State v. Crosby, reserving his right to seek review of the partial denial of the motion to quash. He was sentenced to five years at hard labor.
MOTION TO QUASH
The defendant argues the trial court erred in denying his motion to quash the two predicate convictions, namely a January 9, 2007 DWI conviction in Vermilion Parish under docket number 2006-T2693, and a June 17, 2009 DWI conviction in Lafayette Parish under docket number 2008-9157. He argues that he received suspended sentences for those offenses under Louisiana Code of Criminal Procedure article 894, and because there was no “valid sentence” in either case, the predicates should have been quashed.
Prior to amendment by 2012 La. Acts, No. 670 § 1, Article 894 pertinently | (¡provided:
A. (1) Notwithstanding any other provision of this Article to the contrary, when a defendant has been convicted of a misdemeanor, ... the court may suspend the imposition or the execution of the whole or any part of the sentence imposed, provided suspension is not prohibited by law, and place the defendant on unsupervised probation or probation supervised by a probation office, agency, or officer designated by the court, other than the division of probation and parole of the Department of Public Safety and Corrections, upon such conditions as the *14 court may fix. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify.
[[Image here]]
B. (1) When the imposition of sentence has been deferred by the court, as authorized by this Article, and the court finds at the conclusion of the period of deferral that the defendant has not been convicted of any other offense during the period of the deferred sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution. However, prior to setting aside any conviction and dismissing the prosecution for any charge for operating a vehicle while intoxicated, the court shall require proof in the form of a certified letter from the Department of Public Safety and Corrections, office of motor vehicles, that the requirements of Paragraph A(5) of this Article have been complied with.
(2) The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender. Discharge and dismissal under this provision may occur only once with respect to any person during a five-year period. However, discharge and dismissal under this provision for the offense of operating a vehicle while intoxicated may occur only once with respect to any person during a ten-year period. [Emphasis added.]
When a trial court denies a motion to quash, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court’s discretion. See State v. Odom, 02-2698 (La.App. 1 Cir. 6/27/03), 861 So.2d 187, 191, writ denied, 08-2142 (La.10/17/03), 855 So.2d 765. However, a trial court’s legal findings are subject to a de novo standard of review. See State v. Smith, 99-0606, 99-2015, 99-2019, 99-2094 (La.7/6/00), 766 So.2d 501, 504.
In support of the use of the Vermilion Parish conviction, the State introduced documentation showing that on January 9, 2007, the defendant pled guilty to first-offense DWT “under [Article] 894,” and was sentenced to ten days parish jail, suspended, on condition he serve six months supervised probation, subject to certain conditions.
In support of the use of the Lafayette Parish conviction, the State introduced documentation indicating that on June 17, 2009, the defendant pled nolo contendere[1] to first-offense DWI “under Article 894,” and was sentenced to six months in the parish jail, suspended, on the condition that he serve twelve months supervised probation, subject to certain conditions.
For both the Vermillion Parish and the Lafayette Parish convictions, the State established that the defendant pled guilty and was sentenced under Article 894. Both were final convictions because a sentence was imposed in each case. There is no support in the law for the defendant’s argument that a suspended sentence is not a final conviction and sentence. Further, Article 894 expressly provides that even if a conviction is eventually dismissed there *15 under, it “may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender.” La.Code Crim. Pro. art. 894B(2) (prior to amendment by 2012 La. Acts No. 670, § 1). See also State v. Finch, 31,888 (La.App. 2 Cir. 5/5/99), 733 So.2d 716, 727. The trial court correctly denied the motion to quash. This assignment of error is without merit.
REVIEW FOR ERROR
Louisiana Revised Statute 14:98D(l)(a) provides that on a conviction for 15third-offense DWI, “the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined two thousand dollars. One year of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.” (emphasis added). The defendant was sentenced to five-years imprisonment at hard labor. Although not specifically stated by the trial court, the sentence is deemed to contain the restriction of probation, parole, or suspension of sentence. La.Rev.Stat. 15:301.1; State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 799. However, since the sentence does not include the mandatory fine, it does not comply with the legislatively mandated sentencing range set forth in the Section 14:98D(l)(a) and is illegally lenient.
The judiciary’s role is to select an appropriate sentence within the range fixed by the Legislature, so long as the sentence is not constitutionally excessive. See State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976, 978; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). An illegal sentence may be corrected at any time by an appellate court on review. La.Code Crim. Pro. art. 882A. The defendant has no constitutional right to an illegally lenient sentence. State v. Williams, 800 So.2d at 797. Because there is no sentencing discretion relative to the $2000.00 fine, and to conform with the legislatively mandated provisions of Section 14:98D(l)(a), we amend the defendant’s sentence to five years at hard labor without benefit of probation, parole, or suspension of sentence for one year and a fine of $2,000.00.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.

. "A sentence imposed upon a plea of nolo contendere is a conviction and may be considered as a prior conviction and provide a basis for prosecution or sentencing under laws pertaining to multiple offenses, and shall be a conviction for purposes of laws providing for the granting, suspension or revocation of licenses to operate motor vehicles," La.Code Crim. P. art. 552(4).