JUDE G. GRAVOIS, Judge.
|2Defendant, Michael J. Heine, has appealed his habitual offender adjudication as a second felony offender. For the reasons that follow, we vacate defendant’s adjudication and enhanced sentences and remand the matter to the trial court for further proceedings.

PROCEDURAL HISTORY

On May 14, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant with simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 (count one), and illegal possession of stolen things valued at over $500.00 in violation of La. R.S. 14:69 (count two). Defendant initially pled not guilty to these charges, but on June 17, 2010 withdrew his not guilty pleas and pled guilty to the charges. He was thereafter sentenced to a term of ten years imprisonment at hard labor on each count, to run concurrently, with the first year of the sentence on count one to be served without the benefit of parole, probation, or suspension of sentence.
| jjAfter sentence was imposed, the State filed a habitual offender bill of information alleging that defendant was a second felony offender, having previously pled guilty to a violation of La. R.S. 14:62 on May 13, 2010. Defendant stipulated to the habitual offender bill, his original sentences were vacated, and he was sentenced as a second felony offender to a term of ten years imprisonment at hard labor on each count, to run concurrently. The first year of the sentence on count one was ordered to be served without the benefit of parole, probation, or suspension of sentence. Defendant was also ordered to pay $27,500.00 in restitution to the victim.
Defendant subsequently obtained this out-of-time appeal.

FACTS

The pertinent facts of the offenses, as detailed in the bill of information, are that on or between November 26, 2009 and November 28, 2009, defendant committed simple burglary of an inhabited dwelling (count one); and on or about April 9, 2010, defendant intentionally possessed, procured, received, or concealed jewelry valued at over $500.00, which had been the subject of a robbery or theft, under circumstances which indicated that defendant knew or had good reason to believe was the subject of one of these offenses (count two).

COUNSELED ASSIGNMENT OF ERROR

In defendant’s counseled assignment of error, he argues that the use of his *280 May 13, 2010 conviction as a predicate offense in the habitual offender bill of information was improper because that conviction was obtained after the commission of the two underlying offenses (which as noted above were committed on or between November 26, 2009 and November 28, 2009 as to count one, and on April 9, 2010 as to count two). On account of this, defendant requests that his habitual offender adjudication and sentences be vacated and that this matter be |4remanded for further proceedings. In response, the State concedes that defendant’s argument on appeal has merit and thus concurs in defendant’s request to vacate and remand.[1]
In a similar case, State v. London, 09-398 (La.App. 5 Cir. 11/24/09), 28 So.3d 1150, where the defendant stipulated to a habitual offender bill of information that alleged that his predicate conviction was obtained after the commission of the underlying offense, this Court vacated the enhanced sentence and remanded the matter. In that case, the defendant’s underlying offense was committed on March 12, 2001, but he was not convicted of the underlying offense until September 26, 2007. The defendant then stipulated to a habitual offender bill of information which alleged he had been convicted of the predicate offense on November 29, 2001. Id. at 1152. Because the predicate conviction occurred after the commission of the underlying offense but prior to the conviction on the underlying offense, this Court found the defendant’s stipulation to be an error patent, vacated the stipulation, and remanded for resentencing. Id., 28 So.3d at 1153. In reaching this conclusion, this Court relied on the Louisiana Supreme Court’s holding that La. R.S. 15:529.1 requires “for sentence enhancement purposes, the subsequent felony must be committed after the predicate conviction or convictions.” Id., 28 So.3d at 1152 (quoting State v. Johnson, 03-2993 (La.10/19/04), 884 So.2d 568, 578).[2] See also State v. Shaw, 06-2467 (La.11/27/07), 969 So.2d 1233, 1241; State v. Gilbert, 99-315 (La.App. 5 Cir. 4/25/00), 760 So.2d 536, 539;[3] State v. Newman, 99-841 (La. App. 5 Cir. 12/15/99), 750 So.2d 252, 259.
Further, our plain reading of La. R.S. 15:529.1 supports this holding. At the time of defendant’s underlying offenses,[4] *281 La. R.S. 15:529.1(A)(1) provided: “Any person who, after having been convicted within this state of a felony ..., thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows[.]” (Emphasis added.) [5]
The record before us indicates that defendant stipulated to a habitual offender bill of information in which the State alleged that defendant committed the underlying offenses before he was convicted of the predicate offense. Thus, in accordance with the foregoing, we find that defendant’s adjudication (via stipulation) as a second felony offender was improper. We therefore vacate defendant’s habitual offender adjudication and enhanced sentences and remand the matter to the trial court for proceedings consistent with this opinion.[6]
We further note that double jeopardy principles are inapplicable to sentence enhancement proceedings. See State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351, 354. Therefore, the State may retry defendant on the habitual offender bill if it is able to cure the noted defect. Id. If the State if unable to cure the noted defect, then defendant must be resentenced on the underlying 1 (¡convictions, as those sentences were vacated by the trial court when it imposed the habitual offender sentences on defendant.

PRO SE ASSIGNMENT OF ERROR

Defendant submits a pro se assignment of error in which he raises several arguments relating to his habitual offender adjudication. In light of our conclusion that defendant’s habitual offender adjudication was defective and requires vacation and remand, defendant’s pro se assignment of error is thus moot.

CONCLUSION

For the foregoing reasons, defendant’s habitual offender adjudication and enhanced sentences are hereby vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion.

HABITUAL OFFENDER ADJUDICATION AND SENTENCES VACATED; REMANDED.

. The State asserts in its brief that the predicate conviction date of May 13, 2010 in the habitual offender bill was a clerical error, which has since been corrected by the filing of a new habitual offender bill containing January 28, 2010 as the conviction date of the predicate offense. (The State attached a copy of the alleged new habitual offender bill to its brief.) On account of this new bill, the State requests that we remand the matter for proceedings to be held in connection with the new bill. However, since the new bill is not included -in the record before us, it is not subject to our review. See State v. Johnson, 09-0259 (La.App. 4 Cir. 9/16/09), 22 So.3d 205, 212, writ denied, 09-2263 (La.4/16/10), 31 So.3d 1054 ("[A]n appellate court may not consider evidence which is outside the record.”).

. It is noted that the Second Circuit in State v. Spano, 41,032 (La.App. 2 Cir. 8/1/06), 936 So.2d 304, 309-10, found that Acts 2005, No. 218, § 1 statutorily overruled Johnson by amending La. R.S. 15:529.1(B) to add that "[m]ultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section.” This amendment is not pertinent in the instant case.

. It is noted that Gilbert relied on State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992), which was overruled by Johnson. However, as this Court noted in London, Gilbert's reliance on Mims did not invalidate its result. See London, 28 So.3d at 1153 n. 4.

. The Louisiana Supreme Court has held that a defendant should be sentenced pursuant to the version of La. R.S. 15:529.1 in effect at the time of the commission of the charged offense. State v. Parker, 03-0924 (La.4/14/04), 871 So.2d 317, 326.

. See also, State v. Davis, 48,161 (La.App. 2 Cir. 8/7/13), 121 So.3d 1207, 1215-16, wherein the court held that: "This portion of [La. R.S. 15:529.1], and the jurisprudence interpreting it, require that the prior conviction must precede the principal offense in order to be used as a predicate to enhance a defendant’s status as a habitual offender.”

. Generally, a plea of guilty waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects either by appeal or post-conviction relief. London, 28 So.3d at 1153 n. 5. However, as our foregoing analysis demonstrates, defendant cannot be adjudicated a habitual offender based on the predicate offense alleged in the habitual offender bill. Consequently, defendant’s stipulation to the habitual offender bill did not waive this defect.