# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2024 KA 0054

STATE OF LOUISIANA

VERSUS

WILLIAM B. TURNER

Judgment Rendered: **SEP 2 6 2024**

\* \* \* \* \* \*

On Appeal from the Eighteenth Judicial District Court
In and for the Parish of West Baton Rouge
State of Louisiana
Docket No. 202151

Honorable Tonya S. Lurry, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Katherine M. Franks<br>Louisiana Appellate Project<br>Madisonville, Louisiana | Counsel for Appellant<br>William B. Turner |
| Antonio M. "Tony" Clayton<br>District Attorney<br>-and-<br>Terri Russo Lacy<br>Assistant District Attorney<br>Port Allen, Louisiana | Counsel for Plaintiff/Appellee<br>State of Louisiana |

\* \* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND LANIER, JJ.**

## McCLENDON, J.

Defendant, William B. Turner, was charged by bill of information with possession with the intent to distribute or dispense twenty-eight grams or more of cocaine, a Schedule II controlled dangerous substance, in violation of LSA-R.S. 40:967(A)(1) and (B)(1)(b). Defendant entered a plea of not guilty and, following a jury trial, was convicted as charged. The trial court sentenced defendant to nineteen years imprisonment at hard labor.[1] The State subsequently filed a habitual offender bill of information, and the trial court adjudicated defendant a second-felony offender, vacated the prior sentence, and sentenced him to thirty-five years imprisonment at hard labor without the benefit of probation or suspension of sentence.[2] Defendant now appeals, assigning error to his habitual offender adjudication. For the following reasons, we vacate the habitual offender adjudication and sentence and remand this matter for further proceedings.

## FACTS

On September 30, 2020, Louisiana State Trooper Joshua Mitchell stopped defendant for a traffic violation. After learning that defendant's driver's license was suspended, Trooper Mitchell requested, but was denied, consent to search defendant's vehicle, and Trooper Mitchell summoned a K-9 unit to the scene. Deputy Mark Cooper of the Iberville Parish Sheriff's Office arrived and conducted a canine search of the vehicle. The canine alerted for narcotics and, upon searching the vehicle, Trooper Mitchell recovered a substance later confirmed to consist of 571.62 grams of cocaine.

---

[1] This court affirmed defendant's conviction and sentence. See **State v. Turner**, 2023-0831 (La.App. 1 Cir. 4/19/24), 2024 WL 1694002 (unpublished).

[2] We note the minutes and commitment order reflect that the sentence was imposed at hard labor and without the benefit of parole, probation, or suspension of sentence. However, the transcript shows that the trial court sentenced defendant to thirty-five years "with the Department of Corrections[.]" It is well-settled that in the event of a discrepancy between the minutes and the transcript, the transcript prevails. See **State v. Lynch**, 441 So.2d 732, 734 (La. 1983). " [A] sentence committing a prisoner to the Department of Corrections is necessarily at hard labor." **State v. Lawson**, 2004-334 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 621 n.2; see also **Rochon v. Blackburn**, 97-2799 (La.App. 1 Cir. 12/28/98), 727 So.2d 602, 604. Moreover, any sentence imposed under the habitual offender statute shall be at hard labor without the benefit of probation or suspension of sentence. See LSA-R.S. 15:529.1(G). Pursuant to LSA-R.S. 15:301.1, defendant's habitual offender sentence is deemed to contain the benefits restriction by operation of law. See **State v. Williams**, 2000-1725 (La. 11/28/01), 800 So.2d 790, 799; **State v. Passow**, 2013-0341 (La.App. 1 Cir. 11/1/13), 136 So.3d 12, 15.

## ASSIGNMENT OF ERROR

In defendant's sole assignment of error, he argues the trial court erred by adjudicating him a second-felony offender because, at the time he was alleged to have committed the instant offense, he had not been convicted of the predicate offense. The State, in brief, concedes the defendant was improperly adjudicated a second-felony offender.

As an initial matter, we note that defendant failed to file a motion to quash the habitual offender bill of information and failed to raise this specific objection at the habitual offender hearing. Generally, absent a contemporaneous objection, a defendant may not complain of an error for the first time on appeal. See LSA-C.Cr.P. art. 841. An inspection of the instant record, however, reveals the error asserted by defendant is a patent error fatal to defendant's habitual offender bill of information, requiring us to vacate the habitual offender adjudication and sentence.[3] See **State v. Barber**, 94-0611 (La.App. 1 Cir. 4/10/95), 654 So.2d 740, 741-42. This court and other courts of appeal have recognized a violation of the sequencing procedure set forth in LSA-R.S. 15:529.1(A) to be a patent error, vacating the habitual offender adjudication and sentence. See **State v. Patton**, 2010-1841 (La.App. 1 Cir. 6/10/11), 68 So.3d 1209, 1228; **State v. Roshell**, 40,374 (La.App. 2 Cir. 12/14/05), 916 So.2d 1268, 1273-74, writ denied, 2006-0771 (La. 10/6/06), 938 So.2d 69; **State v. Webb**, 2014-149 (La.App. 3 Cir. 10/1/14), 149 So.3d 310, 327, writ denied, 2014-2319 (La. 9/11/15), 176 So.3d 1036; **State v. Fisher**, 570 So.2d 546, 547 n.1 (La.App. 4 Cir. 1990). Thus, we find that defendant is not precluded from raising this argument for the first time on appeal and discuss the merits thereof below.

The habitual offender bill of information listed defendant's prior convictions, in pertinent part, as follows:

1.

On December 12, 2003, under **docket number 00-183-A** of the United States District Court, Middle District of Louisiana, Parish of East Baton Rouge, William B. Turner was convicted of **Conspiracy to Commit**

---

[3] In accordance with LSA-C.Cr.P. art. 920(2), all appeals are reviewed for errors patent on the face of the record. **State v. Anthony**, 2023-0117 (La.App. 1 Cir. 11/3/23), 378 So.3d 766, 775, writ denied, 2024-00027 (La. 5/21/24), 385 So.3d 242. A patent error is one that is discoverable by a mere inspection of the pleadings and proceedings, without inspection of the evidence. LSA-C.Cr.P. art. 920(2).

**Armed Bank Robbery**. On December 12, 2003, he was sentenced to the Bureau of Prisons for a period of 123 months.

2.

On December 12, 2003, under docket number 00-183-A of the United States District Court, Middle District of Louisiana, Parish of East Baton Rouge, William B. Turner was convicted of Carrying a Firearm in Relation to a Crime of Violence. On December 12, 2003, he was sentenced to the Bureau of Prisons for a period of 123 months.

3.

On December 12, 2003, under docket number 00-182-A of the United States District Court, Middle District of Louisiana, Parish of East Baton Rouge, William B. Turner was convicted of Distribution of Cocaine. On December 12, 2003, he was sentenced to the Bureau of Prisons for a period of 123 months.

4.

While out on Parole for the Conspiracy to Commit Armed Bank Robbery Conviction, and the other December 12, 2003 convictions, on October 18, 2009, the defendant was arrested in the Parish of Calcasieu, State of Louisiana, for Possession with the Intent to Distribute Cocaine. On **December 13, 2010**, under docket number 34889-09 in the Parish of Calcasieu, William B. Turner was convicted of Possession with the Intent to Distribute Cocaine. On December 13, 2010, he was sentenced to the Louisiana Department of Corrections for a period of three years. The defendant's parole was revoked and he served the remainder of his federal time, and his state time with the federal Bureau of Prisons.

5.

On December 3, 2019, the defendant was arrested for Possession with Intent to Distributed [sic] Marijuana in Calcasieu Parish, Louisiana. On **May 26, 2022**, under **docket number 8585-20** in the Parish of Calcasieu, William B. Turner was convicted of **Possession with the Intent to Distribute Marijuana over 2.5 pounds**. On May 26, 2022, he was sentenced to the Department of Corrections for a period of ten years. That time was suspended and he was placed on probation for three years.

6.

On **September 30, 2020**, the defendant was arrested for Possession with the Intent to Distribute Cocaine in West Baton Rouge Parish, Louisiana, On **January 19, 2023**, under **docket number 202151** in the Parish of West Baton Rouge, William B. Turner was convicted of **Possession with the Intent to Distribute Cocaine**. On February 13, 2023, he was sentenced to the Department of Corrections for a period of 19 years.

(Emphasis added).

At the habitual offender hearing, the State argued that defendant should be adjudicated a third-felony offender based on the conspiracy to commit armed robbery conviction under docket number 00-183-A, the possession with the intent to distribute marijuana conviction under docket number 8585-20, and the possession with the intent to distribute cocaine conviction under docket number 202151. However, the trial court

adjudicated defendant a second-felony offender based on the predicate offense of possession with the intent to distribute marijuana conviction under docket number 8585-20.[4]

At the time of the commission of the instant offense,[5] LSA-R.S. 15:529.1 provided, in pertinent part:

> A. Any person who, **after having been convicted** within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, **thereafter commits any subsequent felony** within this state, upon conviction of said felony, shall be punished as follows:
>
> (1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction.

(Emphasis added).

The error complained of by defendant is a violation of the requirement that "for sentence enhancement purposes, the subsequent [enhanced] felony must be committed after the predicate conviction or convictions." **State v. Johnson**, 2003-2993 (La. 10/19/04), 884 So.2d 568, 578, superseded by statute on other grounds as stated in **State v. LeBlanc**, 2014-0163 (La. 1/9/15), 156 So.3d 1168 (per curiam). Louisiana Code of Criminal Procedure Article 934(3) defines convicted as "adjudicated guilty after a plea or after trial on the merits." See **State v. Johnson**, 94-1561 (La.App. 1 Cir. 10/6/95), 664 So.2d 141, 147, writ denied, 95-2988 (La. 3/15/96), 669 So.2d 426. Thus, the predicate conviction must precede the commission of the instant offense in order to be used as a predicate to enhance a defendant's status as a habitual offender. See **Patton**, 68 So.3d at 1228; **State v. Jones**, 49,948 (La.App. 2 Cir.

---

[4] At the hearing, the trial court stated:

> I do believe that the State has proven that the 2003 federal conviction is [defendant]. My concern is that I cannot say with full confidence that a conspiracy to commit armed robbery is a crime of violence. I see attempt listed, any attempt to commit a crime is a crime of violence. So just to give [defendant] the benefit of any possible doubt, the court adjudicates him as a ... second felony offender ... .

[5] A defendant must be sentenced under the version of LSA-R.S. 15:529.1 in effect at the time of the commission of the instant offense. LSA-R.S. 15:529.1(K); **State v. Parker**, 2003-0924 (La. 4/14/04), 871 So.2d 317, 326-27.

5

9/30/15), 178 So.3d 1075, 1083; **State v. Heine**, 2013-972 (La.App. 5 Cir. 4/23/14), 140 So.3d 278, 280-81.

Defendant was convicted of possession with the intent to distribute marijuana on May 26, 2022. The instant offense was committed prior to that conviction, on September 30, 2020. Thus, defendant had not been convicted of the predicate offense used to adjudicate him a habitual offender at the time the instant offense was alleged to have been committed. In accordance with the foregoing jurisprudence, we find that defendant's adjudication as a second-felony offender was improper. Accordingly, we vacate defendant's habitual offender adjudication and sentence and remand the matter to the trial court for proceedings consistent with this opinion. See **Patton**, 68 So.3d at 1228-29.[6]

**HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; MATTER REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.**

---

[6] We note, however, that defendant is not protected by double jeopardy from being adjudicated again as a habitual offender if the State files a new bill of information. See **State v. Thomas**, 2005-2210 (La.App. 1 Cir. 6/9/06), 938 So.2d 168, 177, writ denied, 2006-2403 (La. 4/27/07), 955 So.2d 683.