McClendon, j.
I ¡The defendant, Mark Riles, was charged by bill of information with one count of possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1 (count 1); four counts of simple burglary, violations of LSA-R.S. 14:62 (counts 2-5); and one count of battery of a police officer, a violation of LSA-R.S. 14:34.2 (count 6).[1] Represented by counsel, the defendant entered pleas of not guilty.
Subsequently, the defendant withdrew his pleas of not guilty and entered pleas of guilty to the above-mentioned six charges. The defendant was sentenced to six (6) months for the battery of a police officer conviction; five (5) years for each of the simple burglary convictions, with each simple burglary sentence to run consecutive to each other; and ten (10) years at hard labor[2] for the possession of a firearm by a convicted felon conviction.[3] The sentences for battery of a police officer and possession of a firearm by a convicted felon were ordered to run concurrently with the simple burglary sentences. The defendant filed a motion to reconsider sentence, which was denied. The defendant now appeals, designating four assignments of *953 error. We affirm the convictions and sentences.

FACTS

Because the defendant pled guilty, the facts were not fully developed at ajjtrial. The factual basis for the guilty plea, provided by the prosecutor during the defendant’s Boykin hearing, is as follows:
[On] September 11th of 2004, the Rent-Way Store in Franklin on Main Street was burglarized. Various items were taken. The police investigated, they were able to obtain fingerprints from this defendant at the scene. They also were able to get some shoe prints which matched the shoes at this defendant’s house and then on September 23rd, the police went, there was a burglary at Blockbuster. The police went there and they already had him — this defendant as a suspect. They left there and went to the defendant’s house and they found various items taken from Blockbuster.
Also, the police was looking for him and suspected that he was in the attic. They made it into the attic and there was a box containing items that were taken from Keep Moving Records. The[y] found this defendant in the attic. They asked him to stop, he refused to stop. One of the Franklin PD Officers, McLean, tried to grab him. He started kicking him, injuring his arm. The defendant was able to kick out the side wood to the attic and also in the process Chief Hill and Chief McLean saw the defendant take some object out of his waste (sic) band and stick it in the insulation.
Eventually the defendant was able to make it out of the attic and he was apprehended outside. They went back to look to see what the object was. Because of the age of the house, it was very old, the electrical work was old and Chief Hill got zapped somewhat by the electricity. So the next day they went— they obtained a search warrant and went into the attic and in the area where the defendant was they found a loaded .22 and also after finding objects taken from Keep Moving Records, they went there and found that the place had been burglarized. Also they found that entry had been made to the Radio Shack store and the co-defendant of this defendant gave the police a statement that he was with them during the burglary of the Rent-Way store.

ASSIGNMENTS OF ERROR NUMBERS 1, 2, AND 3

The defendant’s first, second, and third assignments of error address the issue of excessive sentence. The defendant argues the trial court erred in failing to properly consider mitigating factors; the trial court erred in imposing an excessive sentence;[4] and the trial court abused its discretion in denying the motion to reconsider sentence.
pArticle I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. In Louisiana, LSA-C.Cr.P. art. 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of LSA-C.Cr. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is considered constitutionally *954 excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one’s sense of justice. State v. Andrews, 94-0842, pp. 8-9 (La.App. 1 Cir. 5/5/95), 655 So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. See State v. Holts, 525 So.2d 1241, 1245 (La.App. 1 Cir.1988).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475, 478 (La.1982). The trial judge should review the defendant’s personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. State v. Jones, 398 So.2d 1049, 1051-1052 (La.1981).
The defendant contends in the instant matter that, in reviewing the presen-tence investigation report, the trial court did not consider any mitigating | ¡^actors which may have been present in his social history, such as education, age, marital status, dependents, family stability, employment, and mental, emotional and physical health. We do not agree. While the trial court did not mention LSA-C.Cr.P. art. 894.1 by name, it is clear from its reasons for judgment at sentencing that it carefully considered the article. It is also clear from the record that the trial court reviewed and considered the presentence investigation when it sentenced the defendant.
The relevant colloquy at the sentencing hearing is as follows:
By the Court: We’re going to take a short break.... Here’s the criminal history that I received and I intend to file that in the record.
⅜ ⅜; ⅜ ⅝ ⅜
By the Court: You have that pre-sen-tence? Okay. Mr. Sigur, correct me and Mr. LeGros, correct me. He’s pled guilty to possession of a firearm by a convicted felon.
By Mr. Sigur: Yes, sir.
* * * ⅜: *
By the Court: Let me review his criminal records check....
⅜ ⅜ ⅜ ⅜ ⅜
By the Court: It appears that in July 24th, ’02, he was charged with aggravated battery, second degree battery, illegal carrying of a weapon and resisting an officer for which he received certain sentences, probation, two years supervised probation and then his probation was revoked; is that correct?
He was charged on 5/6/03 on second degree murder, inciting a felony and theft charge.
By Mr. Sigur: It was an attempt.
‡ ⅜ ⅜ ⅜ ‡
By Mr. LeGros: And it was pled out.
By the Court: Yes, it was reduced to that, and five years hard labor, suspend all but two and a half years, five years. And 11-12-04 probation, it was revoked.
*955 So we have two probation revocations, right? ...
⅜ ⅜ ⅜ ⅝ ⅝
By the Court: Why don’t you take a look and then you — here's the file and maybe you can tell me if it’s the second or third felony. It will make a difference.
By Mr. LeGros: Judge, this is only his second felony.
By the Court: Okay. Then I stand corrected. He has shown a pattern of conduct. If we look at the sentencing guidelines, a pattern of | (¡conduct of criminal activity.
He has committed violent crimes against a person which indicates a pattern of conduct which will affect public safety in the future.
In looking at the sentencing guidelines, one must determine what the affect is on the public and public safety.
I find that his anti-social behavior makes him a menace to public safety.
I find that there is a consistent pattern of violent conduct and one of the most troubling things concerning Mr. Riles is that he committed not only a battery on a police officer but injured that police officer during the course of a lawful arrest.
It appears that Mr. Riles will benefit from custodial treatment and I do not think that he will — (nor) has he shown any active contrition, nor has he indicated through his attorney that he feels sorry about these crimes he’s committed and the crimes of burglary and acts against the police officer, so I assume that he is unrepentant.
I find that the — burglary is a serious charge but the State has not proved that these are a major economic offense and the State has put on no evidence to indicate that the burglaries were such that, other than the police officers, there was a threat to life and public property.
So I do not find there was a major economic offense.
I do find that the offender knowingly created a risk of bodily harm to the police officers.
As the record indicates, the trial court adequately considered article 894.1, as well as the presentence investigation report, which indicates various prior criminal offenses, including a felony. The trial court specifically noted mitigating factors in the State’s failure to prove that the offenses committed by the defendant had a major economic impact, as well as the State’s failure to prove that the burglaries were a threat, other than to the police officers, to life and public property. However, the trial court further noted that the defendant was a menace to public safety, that he had a consistent pattern of violent conduct, that he injured a police officer during a lawful arrest, and that he had shown no contrition for his crimes. Moreover, even when the trial court has not complied with article 894.1, this court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to- the particular offender or the offense committed. State v. Pender, 521 So.2d 556, 557 (La.App. 1 Cir. 1988). As indicated by the trial court’s reasons for sentencing, the sentences imposed are clearly not severe in | relation to this particular defendant or the multiple offenses committed.
The defendant also argues that the consecutive five-year sentences for each of the four counts of simple burglary were excessive. He contends that since the crimes were committed within close proximity to each other and only minor property was taken, the four five-year sentences should have been ordered to run concur *956 rently with each other. The defendant’s claim is not properly before us.
The defendant’s written motion to reconsider sentence states, in pertinent part, the following:
Pursuant to the provisions of the Louisiana Code of Criminal Procedure Article 881.1 your defendant moves this Honorable Court to reconsider his sentence for the following reasons, to-wit:
(a) This Honorable Court erred in imposing a constitutionally excessive sentence.
(b) This Honorable Court erred in not properly tailoring a particular sentence to the facts and circumstances of this ease and this defendant.
(c) This Honorable Court erred in not properly considering all the mitigating factors!.]
Article 881.1(B) of LSA-C.Cr.P. requires a party who files a motion to reconsider sentence to state in the motion the specific ground on which the motion is based. A party is precluded from urging on appeal any ground which was not raised in the motion to reconsider. LSA-C.Cr.P. art. 881.1(E). Thus, in the instant matter, the defendant’s motion to reconsider the sentence, on the ground that the sentence is “constitutionally excessive,” was insufficient to preserve the claim he now raises on appeal—that the trial court erred by imposing consecutive sentences. See State v. Arbuthnot, 625 So.2d 1377, 1385 (La.App. 1 Cir.1993).
Moreover, if we were to consider this claim, we would find it baseless. Concurrent rather than consecutive sentences are the general rule for multiple convictions arising out of a single course of criminal conduct, at least for a defendant without a prior criminal record. See LSA-C.Cr.P. art. 883. However, Reven if convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive; other factors must be taken into consideration in making this determination. For instance, consecutive sentences are justified when the offender poses an unusual risk to the safety of the public. See State v. Crocker, 551 So.2d 707, 715 (La.App. 1 Cir.1989).
In the instant matter, the trial court specifically found that with his antisocial behavior and consistent pattern of violent conduct, the defendant was a menace to public safety. Under these circumstances, the imposition of consecutive sentences for these simple burglaries does not render these sentences excessive. Furthermore, the sentences imposed for these offenses were well within the statutory limits and do not constitute an abuse of discretion by the trial court. See Crocker, 551 So.2d at 715. See also State v. Palmer, 97-0174, pp. 5-6 (La.App. 1 Cir. 12/29/97), 706 So.2d 156,160.
The maximum sentence for simple burglary pursuant to LSA-R.S. 14:62(B) is twelve years. The maximum sentence for possession of a firearm by a convicted felon pursuant to LSA-R.S. 14:95.1(B) is fifteen years. The maximum sentence for battery of a police officer pursuant to LSA-R.S. 14:34.2(B)(1) is six months. The maximum sentencing exposure for these sentences, if run consecutively to each other, is sixty-three and one-half (63½) years. The defendant’s sentences amount to a maximum twenty-year sentence. Considering the trial court’s careful review of the circumstances, the defendant’s criminal history, a pattern of conduct by the defendant that affects public safety, and the fact that the defendant’s total sentence is less than one-third of the possible maximum sentence, the sentences imposed by the trial court are not grossly disproportionate to the severity of the offenses and, therefore, are not unconstitutionally excessive. *957 The trial court did not abuse its discretion in denying the defendant’s motion to reconsider sentence.
|3These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 4

In his fourth assignment of error, the defendant contends the trial court failed to properly advise him of the delays for applying for postconviction relief.
While the trial court advised the defendant that he had two years to file for postconviction relief, it did not inform him that the two-year time period begins to run from the time his convictions and sentences become final. As the issue has been raised herein, it is apparent that the defendant has notice of the limitation period and/or has an attorney who is in the position to provide him with such notice. Although we have done so in the past, we decline to remand for the trial court to provide such notice. Instead, out of an abundance of caution and in the interest of judicial economy, we note that LSA-C.Cr.P. art. 930.8(A) generally provides that no application for postconviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. art. 914 or 922. See State v. Godbolt 2006-0609, pp. 7-8 (La.App. 1 Cir. 11/3/06), 950 So.2d 727, 732.
CONVICTIONS AND -SENTENCES AFFIRMED.

. The defendant was also charged with resisting an officer (LSA-R.S. 14:108). This charge was subsequently dismissed.

. For the possession of a firearm by a convicted felon conviction, both the minute entry and the DOC Uniform Commitment Document, which are part of the record, indicate the sentence is at hard labor.

. For the possession of a firearm by a convicted felon conviction, the trial court failed to impose the mandatory fine of not less than one thousand dollars nor more than five thousand dollars pursuant to La. R.S. 14:95.1(B). However, the defendant is not prejudiced by the trial court’s failure to impose the fine. Accordingly, we decline to exercise our discretion to correct the illegally lenient sentence. See State v. Price, 2005-2514, p. 12 (La.App. 1 Cir. 12/28/06), 952 So.2d 112, 119 (en banc).

. The defendant argues that his total twenty-year sentence (five-year sentences for each of the four counts of simple burglary to run consecutively) is excessive. The defendant does not contest the other sentences.