WELCH, J.
| ¡.Defendant, Reynard Joseph Gregoire, was charged by bill of information with one count of domestic abuse battery by strangulation, a violation of La. R.S. 14:35.3(B)(3) (count one), and two counts of attempted first degree murder, violations of La. R.S. 14:27 and 14:30(A)(2) (counts two and three). He pled not guilty. Following a jury trial, defendant was found guilty of the responsive offense of domestic abuse battery, a violation of La. R.S. 14:35.3(A), on count one, and guilty of the responsive offense of attempted second degree murder, a violation of La. R.S. 14:27 and 14:30.1, on counts two and three. The trial court denied defendant’s motions for new trial and postverdict judgment of acquittal. For his conviction on count one, defendant was sentenced to ninety days in the parish jail. For his convictions on counts two and three, defendant was sentenced to thirty years at hard labor, without benefit of parole, probation, or suspension of sentence. The trial court ordered all sentences to run concurrently. Defendant filed a motion for reconsideration of his sentences, but the trial court denied that motion. He now appeals, alleging three assignments of error. For the following reasons, we affirm all of defendant’s convictions, and we affirm his sentences on counts two and three. We also amend defendant’s sentence on count one and affirm that sentence as amended.
FACTS
On May 8, 2011, defendant and his wife, Karen Gregoire, held a barbecue at their home on Shrimpers Row in Dulac to celebrate Mother’s Day. Around dusk, Karen and defendant began to argue about moving their four wheeler back into their shed. During the argument, defendant placed his hands around his wife’s neck and choked her. Karen called 911 to report defen *506 dant’s actions and fled to a neighbor’s home. Before she fled, Karen told defendant that she was calling the police.
|HAfter Karen went to her neighbor’s home, defendant began to look for her, and he became upset when he could not find her. As a result, defendant retrieved several guns, including multiple shotguns and at least one rifle. With one of the shotguns, defendant fired ten shots into his wife’s car and approximately five shots to the underside of his home.
Terrebonne Parish Sheriffs Deputy Timothy Granger was dispatched to defendant’s home in response to Karen’s 911 call. Deputy Yashua Willis responded as backup to Deputy Granger. The deputies drove down Shrimpers Row twice to locate defendant’s home. After locating the residence, they parked their patrol vehicles on nearby Verdin Street and began to walk together toward the house. Soon after beginning their walk, Deputies Granger and Willis began receiving gunfire from the direction of defendant’s home. They took cover behind their vehicles and heard bullets striking the area around them. Deputy Willis eventually moved underneath a nearby home to take cover there. While behind cover, both deputies heard someone yell that he was going to “kill a cop” that night. Deputy Granger was eventually able to reenter his patrol vehicle, pick up Deputy Willis, and retreat to safety. Reinforcements arrived, and defendant was arrested after a brief armed standoff. During their subsequent investigation, the police recovered seventeen spent shotgun shells, seven spent .22 caliber casings, several boxes of various types of ammunition, and five firearms (at least two of which were loaded).
SUFFICIENCY OF THE EVIDENCE
In his first assignment of error, defendant argues that the state did not present sufficient evidence to support his convictions of attempted second degree murder on counts two and three. Specifically, he argues that the state failed to prove that he had specific intent to kill anyone.
|4A conviction based on insufficient evidence cannot stand, as it violates due process. See U.S. Const, amend. XIV; La. Const, art. I, § 2. In reviewing claims challenging the sufficiency of the evidence, this court must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La.C.Cr.P. art. 821(B); State v. Ordodi, 2006-0207 (La.11/29/06), 946 So.2d 654, 660; State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988). The Jackson standard of review, incorporated in La.C.Cr.P. art. 821(B), is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the fact finder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. Patorno, 2001-2585 (La.App. 1st Cir.6/21/02), 822 So.2d 141, 144.
Second degree murder is defined, in pertinent part, as the killing of a human being when the offender has the specific intent to kill or inflict great bodily harm. La. R.S. 14:30.1(A)(1). Specific criminal intent is the state of mind that exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Specific intent may be proved by direct evidence, such as statements by a defendant, or by inference from circumstantial evidence, such as a defendant’s actions or facts depicting the circumstances. State v. Her *507 ron, 2003-2304 (La.App. 1st Cir.5/14/04), 879 So.2d 778, 782. It has long been recognized that specific intent to kill may be inferred from a defendant’s act of pointing a gun and firing at a person. State v. Hoffman, 98-3118 (La.4/11/00), 768 So.2d 542, 585, opinion supplemented by, 2000-1609 (La.6/14/00), 768 So.2d 592 (per curiam), cert, denied, 531 U.S. 946, 121 S.Ct. 345,148 L.Ed.2d 277 (2000).
|fiIn accordance with La. R.S. 14:27(A), any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended. It shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose. La. R.S 14:27(A). An attempt to commit second degree murder requires that the offender possess the specific intent to kill and commit an overt act tending toward the accomplishment of that goal. Herron, 879 So.2d at 783. See also La. R.S. 14:27(A) & 14:30.1(A)(1).
In the instant case, the state presented the testimony of Deputies Granger and Willis, who both stated that they received gunfire from the direction of defendant’s home upon their arrival at the scene. In addition to the gunfire, both deputies heard someone shouting that was going to “kill a cop” that night. While only Deputy Willis actually saw a person in the vicinity of defendant’s home during the shooting, defendant does not argue that he was not shooting his guns on the night of the incident. Instead, he argues that he had no specific intent to kill anyone. This argument is based on defendant’s own trial testimony that he fired his .22 caliber long rifle not at the deputies, but into the air and into the woods behind his home.
The deputies’ testimony was actually sufficient to support the charged offenses of attempted first degree murder on counts two and three. Their details of the incident clearly indicate that defendant was firing a weapon in their direction with the specific knowledge of their identities as law enforcement officers. Further, the box of .22 caliber ammunition recovered at the scene indicated that those rounds were lethal at a range of over a mile. Deputies Granger and Willis had parked their patrol vehicles 307.8 feet from defendant’s home — easily within the lethal range of the .22 caliber rounds.
| r,Because the evidence presented at trial was easily sufficient to support the charged offenses, the jury’s ultimate verdicts of guilty of attempted second degree murder appear to have been compromise verdicts. See State ex rel. Elaire v. Blackbum, 424 So.2d 246, 252 (La.1982), cert, denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). In any event, the jury obviously chose to believe the testimony of Deputies Granger and Willis more than it chose to believe defendant’s own testimony. The jurors obviously concluded that defendant’s version of the events was a fabrication designed to deflect blame from him. See State v. Captville, 448 So.2d 676, 680 (La.1984). The jury was free to accept or reject, in whole or in part, the testimony of any witness. See State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn the jury’s determination of guilt. See Patomo, 822 So.2d at 147.
We note that defendant also made a secondary argument in his brief that the facts presented at trial would only have been sufficient to prove the responsive offense of attempted manslaughter. He alleges that his wife’s call to 911 caused him to go “out of his mind a little bit.” However, defendant cites no jurisprudence supporting his contention that his wife’s 911 *508 call would itself be sufficient to provoke sudden passion or heat of blood toward any responding officers, and we find no merit in this argument.
Reviewing the record as a whole and viewing the evidence in the light most favorable to the state, we conclude that the evidence presented at trial was sufficient to support verdicts of guilty of attempted first degree murder. Therefore, the jury’s verdicts of attempted second degree murder, probable compromise verdicts, were not irrational under the facts and circumstances presented to it. See Ordodi, 946 So.2d at 662.
This assignment of error is without merit.
^EXCESSIVE SENTENCES
In his second assignment of error, defendant contends that his sentences are constitutionally excessive. In his third assignment of error, defendant contends that there was “patent error” when the trial court stated in sentencing defendant on these convictions that there was a minimum sentence of ten years.
We address defendant’s third assignment of error first. In sentencing defendant, the trial court explained that the penalty range for his attempted second degree murder convictions was “not less than [ten] years and not more than [fifty] years for each count.” Defendant argues that this statement was “patent error” because there is no minimum sentence for an attempt to commit a crime.
We note first that any such error is not “patent” because it is not discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. See La.C.Cr.P. art. 920(2). Secondly, in claiming that there is no minimum sentence for an attempt to commit this crime, defendant is simply incorrect.
In his brief, defendant cited subsection (D)(3) of La. R.S. 14:27 as support for this argument. However, subsection (D)(1)(a) applies in the instant case. The correct provision states that if the offense so attempted is punishable by death or life imprisonment, the offender shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence. See La. R.S. 14:27(D)(l)(a). The jury found that defendant attempted to commit two counts of second degree murder. Second degree murder is punishable by life imprisonment. La. R.S. 14:30.1(B). Therefore, the trial court stated the correct sentencing range for defendant’s offenses. Defendant’s third assignment of error is without merit.
Defendant argues in his second assignment of error that his sentences on counts two and three of thirty years at hard labor, without benefit of parole, probation, or suspension of sentence, are excessive. He contends that the trial |scourt failed to give adequate consideration to the factors listed in La.C.Cr.P. art. 894.1.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is constitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. See State v. Dorthey, 623 So.2d 1276, 1280 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288, 291 (La.1985). A trial court is *509 given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lobato, 60S So.2d 739, 751 (La.1992).
Louisiana Code of Criminal Procedure article 984.1 sets forth items that must be considered by the trial court before imposing sentence. The trial court need not cite the entire checklist of La.C.Cr.P. art. 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by La.C.Cr.P. art. 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988). Remand for full compliance with La.C.Cr.P. art. 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475, 478 (La.1982).
|sAs stated above, the sentencing range for defendant’s convictions on counts two and three was not less than ten years nor more than fifty years at hard labor, without benefit of parole, probation or suspension of sentence. See La. R.S. 14:27(D)(l)(a) & 14:30.1(B). The trial court imposed mid-range sentences of thirty years at hard labor, without benefit of parole, probation, or suspension of sentence on each count, and it ordered all of defendant’s sentences to run concurrently.
Prior to sentencing defendant, the trial judge noted that the evidence presented at trial would have been adequate to support convictions of attempted first degree murder, despite the jury’s ultimate verdicts on these counts. The trial judge was entitled to consider the possibility of this more severe verdict. See State v. Heath, 447 So.2d 570, 577 (La.App. 1st Cir.), writ denied, 448 So.2d 1302 (La.1984). In aggravation, the judge noted that defendant specifically intended to kill two police officers. In mitigation, the trial judge recognized that defendant had no prior felony record.
Under the facts and circumstances of this case, we cannot say that the trial court abused its discretion in sentencing defendant to thirty years at hard labor, without benefit of parole, probation, or suspension of sentence, for these offenses. Despite defendant’s lack of a criminal history, the facts of the instant offenses alone supported the sentences imposed. The trial judge clearly considered and recited these facts in sentencing defendant, and we find no need to second-guess the trial court’s ultimate sentencing decisions. Assignment of error number two is without merit.
Both assignments of error related to defendant’s sentences on counts two and three are without merit.
ImREVIEW FOR ERROR
For errors not assigned, we are limited in our review under La.Code Crim. P. art. 920(2) to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. See State v. Price, 2005-2514 (La.App. 1st Cir.12/28/06), 952 So.2d 112, 123 (en banc), writ denied, 2007-0130 (La.2/22/08), 976 So.2d 1277. After a careful review of the record, we have found a sentencing error on count one.
For his conviction on count one of domestic abuse battery, defendant was sentenced to ninety days in the parish jail. Whoever is found guilty of a first-offense domestic abuse battery shall be fined not less than three hundred dollars nor more *510 than one thousand dollars and shall be imprisoned for not less than ten days nor more than six months. La. R.S. 14:35.3(C).[1] Here, the trial court failed to impose the mandatory fíne, so defendant’s sentence on this count is illegally lenient.
An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La.C.Cr.P. art. 882(A). A defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence. See State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, 797. Even though the state apparently acquiesced in this illegally lenient sentence and does not complain of this error, the Louisiana Supreme Court has stated that it will not ignore patent errors favorable to a defendant when the state does not complain about them. See State v. Campbell, 2003-3035 (La.7/6/04), 877 So.2d 112, 116.
We amend defendant’s sentence on count one to include the minimum possible, but mandatory, fine of three hundred dollars. We recognize that State v. Haynes, 2004-1893 (La. 12/10/04), 889 So.2d 224 (per curiam), generally requires |na remand for resentencing if amendment of a defendant’s sentence involves discretion. However, we find that Haynes is distinguishable from the instant case because we do not amend defendant’s sentence to include the maximum possible fine for his conviction on count one, as the appellate court did in that case. Instead, our imposition of the minimum, but mandatory, fine does not involve more than a ministerial correction of an illegally lenient sentence. Our amendment of defendant’s sentence on count one to include this non-discretionary fine does not constitute a due process violation because neither actual retaliation nor vindictiveness exists in this correction. See Williams, 800 So.2d at 798.
CONCLUSION
Defendant’s sentence on count one is amended to hereby impose the minimum fíne of three hundred dollars. In every other respect, defendant’s sentence on count one remains the same. We affirm this amended sentence,
CONVICTIONS AFFIRMED; SENTENCES ON COUNTS TWO AND THREE AFFIRMED; SENTENCE ON COUNT ONE AMENDED AND AS AMENDED IS AFFIRMED.

. Louisiana Revised Statute 14:35.3(C) was subsequently amended by 2011 La. Acts. No. 284 § 1 to provide for imprisonment for not less than thirty days instead of ten.