CRAIN, J.
|?The defendant, George Adonis Carter, appeals sentences imposed by the trial court following the affirmation of his convictions by this court and a remand for resentencing. We affirm the sentence on count one, amend the sentence on count two, and, as amended, affirm that sentence.
FACTS AND PROCEDURAL HISTORY
The facts and procedural history pertinent to the defendant’s convictions are set forth in the opinion rendered by this court in the prior appeal. See State v. Carter, 14-0742 (La.App. 1 Cir. 3/25/15), 167 So.3d 970. In sum, the defendant was found guilty of armed robbery by use of a firearm, a violation of Louisiana Revised Statutes 14:64 and 14:64.3 (count one), and being a convicted felon in possession of a firearm, a violation of Louisiana Revised Statute 14:95.1 (count two). He was sentenced to imprisonment at hard labor for ninety-nine years for the armed robbery conviction, plus an additional five years pursuant to Section 14:64.3, and twenty years at hard labor for the felon in posses *308 sion of a firearm conviction. The sentences were ordered to be served consecutively.
In the previous appeal, this court affirmed those convictions. See Carter, 167 So.3d at 975-80. However, because the trial court sentenced the defendant before expiration of the minimum 24-hour delay required by Louisiana Code of Criminal Procedure article 873, this court vacated the sentences and remanded the matter for resentencing. See Carter, 167 So.3d at 979-80. On remand, the trial court reimposed the original sentences, which were again ordered to be served consecutively. The defendant appeals and asserts that the trial court’s sentences also included fines, which the defendant contends are excessive. In a pro se brief, the defendant additionally contends that the trial court erred in using a prior | ¿juvenile conviction as a predicate offense for purposes of sentencing him as a habitual offender.[1]
DISCUSSION
Following the previous remand by this court, the trial court held a hearing to resentence the defendant. At that hearing, the record reflects some initial confusion by the trial court and counsel about why the original sentences were vacated. Under the erroneous impression that the sentences were vacated because they omitted mandatory fines, the trial court stated that the defendant was sentenced to a $4,000 fine for the conviction on count one (armed robbery by use of a firearm) and a $1,000 fine for the conviction on count two (convicted felon in possession of a firearm).
However, in response to requests by counsel, the trial court recessed to actually review this court’s previous opinion. After the recess, the trial court resumed the hearing and stated:
So, back to Mr. Carter. The—the Court, together with the Prosecutor, and [defense counsel] reviewed the specifics again of the First Circuit’s opinion, and clearly what they have mandated to the Court was that after a denial of a Motion to Reconsider, I needed to get the waiver of the Defendant, which I obviously didn’t do, or I have to wait twenty-four hours before I sentenced him.
* * *
Therefore, on—on Count One, Armed Robbery, since clearly more than twenty-four hours has existed since the Motion for 1 ^Reconsideration was denied, I’m going to hereby sentence Mr. Carter on Court One, Armed Robbery, to ninety-nine years, period.
On Count—in addition to that, because there was a firearm used, the Court is going to impose the additional five years at hard labor in addition to the ninety-nine.
On Count Two ... being convicted of a Convicted Felon Possessing a Firearm ... the Court is going to sentence him to twenty years at hard labor on that *309 charge. The sentences are to run consecutive with each other, credit for any time that the law gives him credit for
[[Image here]]
On appeal, the defendant maintains that the sentences imposed by the trial court include a total of $5,000 in fines, which the defendant contends are excessive and are based on an erroneous interpretation of this court’s earlier opinion. We disagree.
The transcript reveals that after the trial court reviewed this court’s earlier opinion, it recognized that the matter was remanded because the original sentences were imposed prior to the expiration of the required sentencing delays, not because of the absence of fines as it had earlier stated. The trial court then resentenced the defendant on each count to the stated terms of imprisonment. The sentences imposed at that time do not include any mention of fines. The minutes for the hearing likewise reflect that the defendant was sentenced to the stated terms of imprisonment, without any fines.
We find that the fines mentioned by the tidal court prior to recessing the hearing do not form a part of the sentences imposed. Consequently, there is no merit to the defendant’s contention that the trial court abused its discretion or imposed an excessive sentence by assessing fines totaling $5,000. This assignment of error is without merit.
In a pro se brief, the defendant also assigns as error the trial court’s purported use of a prior juvenile conviction as a predicate offense in sentencing the defendant as a habitual offender under Louisiana Revised Statute 15:529.1. We | ^initially note that the record does not contain a habitual offender bill of information, nor does the record suggest that the defendant’s sentences were enhanced under the habitual offender law. Nonetheless, we do not address the merits of this pro se assignment of error, because the issue was not raised in the trial court. An irregularity cannot be availed of after the verdict unless it was objected to at the time of the occurrence. See La. Code Crim. Pro. art. 841 A.
REVIEW FOR ERROR
Pursuant to Louisiana Code of Criminal Procedure article 920, this court routinely conducts a review for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. After a careful review of the record, we have found a sentencing error.
Upon conviction for being a convicted felon in possession of firearm, Louisiana Revised Statute 14:95. IB mandates imposition of a fine of not less than $1,000 nor more than $5,000. The defendant’s sentence does not include any fine. Because the sentence does not comply with the legislatively mandated sentencing range in Section 14:95.1B, it is illegally lenient. See State v. Bell, 14-1046 (LaApp. 1 Cir. 1/15/15), 169 So.3d 417, 426; State v. Passow, 13-0341 (La.App. 1 Cir. 11/1/13), 136 So.3d 12, 15.
The defendant has no constitutional or statutory right to an illegally lenient sentence. See State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, 797; see also State v. Kondylis, 14-0196 (La. 10/3/14), 149 So.3d 1210, 1211. As an appellate court, we are authorized to correct an illegal sentence that involves no more than the ministerial correction of a sentencing error. See La. Code Crim. Pro. art. 882A; State v. Haynes, 04-1893 (La. 12/10/04), 889 So.2d 224 (per curiam). In general, imposition of a mandatory minimum fine can be considered nothing more than the ministerial correction of a sentencing error. See State v. Robertson, 14-0252, 2014 WL 4668685 (La. App. 1 Cir. 9/19/14) (ille- *310 gaily lenient sentence under Section 14:95.1B was amended on appeal to include the minimum fíne of $1,000); contrast Haynes, 889 So.2d at 224 (finding that court of appeal erred by amending an illegally lenient sentence under Section 14:95.1B to include the maximum fine of $5,000).
An amendment of the defendant’s sentence on count two to include this non-discretionary fine, in the minimum amount, does not constitute a due process violation because neither actual retaliation nor vindictiveness exists in this correction. See Robertson, 2014 WL 4668685 at *6; State v. Gregoire, 13-0751 (La.App. 1 Cir. 3/21/14), 143 So.3d 503, 510, writ denied, 14-0686 (La. 10/31/14), 152 So.3d 151. Accordingly, we amend the defendant’s sentence for his conviction under count two to include a fine in the minimum amount of $1,000.
SENTENCE ON COUNT ONE AFFIRMED; SENTENCE ON COUNT TWO AMENDED AND, AS AMENDED, AFFIRMED.

. In both counselled and pro se briefs, the defendant asserts that the bill of information in this proceeding lacked sufficient information to fairly inform him of the charged offense. As noted, this court previously addressed and affirmed the defendant’s convictions. See Carter, 167 So.3d at 975-80. Those convictions are now final. See La. Code Crim. Pro. art. 922. Therefore, the scope of review for this appeal is limited only to alleged errors in the defendant’s resentencing. See State v. Kelly, 12-1197, 2013 WL 1300731 (La. App. 1 Cir. 4/1/13), writ denied, 13-1332 (La. 11/8/13), 125 So.3d 450; State v. LeBlanc, 07-654, 2007 WL 4248591 (La. App. 3 Cir. 12/5/07); State v. Wise, 14-378 (La.App. 5 Cir. 10/15/14), 182 So.3d 63, 75; State v. Anderson, 12-869 (La.App. 5 Cir. 6/27/13), 121 So.3d 119, 124, writ denied, 13-1861 (La. 2/21/14), 133 So.3d 679. Accordingly, any assignments of error concerning the defendant’s convictions are not subject to review in this appeal. Id.