STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 0407

STATE OF LOUISIANA

VERSUS

CODY C. DANTIN

Judgment Rendered: **DEC 1 7 2019**

* * * * *

On Appeal from the
17th Judicial District Court,
Parish of Lafourche, State of Louisiana
Trial Court No. 574960

The Honorable F. Hugh Larose, Judge Presiding

* * * * *

Kristine Russell                                    Attorneys for the State of Louisiana
District Attorney
Joseph S. Soignet
Assistant District Attorney
Thibodaux, Louisiana

Lieu T. Vo Clark                                    Attorney for Defendant/Appellant,
Mandeville, Louisiana                               Cody C. Dantin

* * * * *

BEFORE: WHIPPLE, C.J., GUIDRY AND CRAIN,[1] JJ.

---

[1]     Justice Will Crain is serving as judge *ad hoc* by special appointment of the Louisiana Supreme Court.

**CRAIN, J.**

The defendant, Cody Dantin, was convicted of possession of a firearm by a person convicted of certain felonies (count one), and armed robbery with a firearm (count two). *See* La. R.S. 14:95.1, 14:64, and 14:64.3. On count one, the trial court sentenced the defendant to twenty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. On count two, the trial court sentenced the defendant to ninety-nine years imprisonment at hard labor, plus an additional five years at hard labor pursuant to the enhancement provision of Louisiana Revised Statute 14:64.3, all to be served without the benefit of probation, parole or suspension of sentence. The sentences were to be served consecutively. We affirm the convictions, amend the sentence on count one and affirm as amended, and affirm the sentence on count two.

## FACTS

On March 8, 2018, Amber Scott, the mother of the defendant's children, used a cell phone to access her Facebook account and received a message from Ryan Kraemer, the victim. According to Amber, she replied to the message, then the defendant took the cell phone and began messaging Ryan while posing as Amber. Ryan was asked to pick up Amber at a given address to give her a ride. When Ryan arrived, Amber opened the door and let him into the residence, then left him in the living room while she tended to her dog.[2] Two men with their faces covered entered the living room armed with a gun and a bat and began beating and threatening to kill Ryan.

---

[2] Amber pled guilty to simple robbery in connection with the instant case and testified at trial. Prior to trial, she told police it was the defendant who messaged Ryan; however, at trial, she testified she could not recall whether it was the defendant or his friend, Preston Law. She claimed she fearfully ran next door after she saw two masked men enter the living room and grab Ryan. She stated she could not identify the attackers because their faces were covered, but confirmed the defendant and Preston were at the residence when Ryan arrived.

Ryan identified the defendant as the man armed with the gun. Ryan testified the defendant removed his mask during the incident, allowing Ryan to see his face. Ryan explained he and the defendant knew each other, having served time together at a detention center. The defendant's friend, Preston Law, testified at trial and admitted he participated in the attack and the defendant was armed with a gun.[3]

The defendant held the gun to Ryan's head and demanded Ryan give him money. Ryan removed his wallet from his back pocket and threw it on the floor. Ryan testified the men continued beating and threatening to kill him, pressing the barrel of the gun against his head. Ryan stated he felt the trigger being pulled and heard the gun click two or three times, but it failed to fire.[4] Preston explained the defendant "obviously" did not know how to operate the gun's safety lock feature, which prevented the defendant from shooting Ryan.

The defendant then began fighting to remove Ryan's new tennis shoes, resulting in Ryan's shoes and pants coming off. Ryan was finally able to escape to his truck, wearing only his sweatshirt. The defendant followed him to his truck, still pointing the gun at him and pulling the trigger. While Ryan was looking for the keys he left in the truck console, the defendant reached into the truck, attempting to remove a speaker box located under the back seat. Ryan was able to start his truck and leave the residence, driving into the front porch in the process. Ryan drove to a nearby convenience store where he put on some work pants he kept in his truck and asked someone to call the police because the defendant, who he identified by name, and another guy just robbed him. Ryan eventually went to the hospital and was treated for his injuries, which included a broken jaw.

---

[3] Preston testified that at the time of the offense, he was under the false impression Ryan had sexually assaulted his girlfriend. Preston pled guilty to robbery in connection with the instant case.

[4] Preston testified the defendant was unable to operate the gun due to its safety-lock features. After Ryan escaped, Preston, Amber, and the defendant left the scene in Preston's truck. Preston saw the defendant unload the gun at that time.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In assignment of error number one, the defendant argues the trial court erred in denying his motion for new trial in which he claimed he was denied a fair trial due to ineffective assistance of counsel. The defendant argues his defense counsel was ineffective in failing to object to the admission of (1) hearsay testimony, (2) other crimes evidence, and (3) the firearm. The defendant further contends his defense counsel was ineffective in failing to (1) call a witness to present forensic testimony, (2) file a motion for the release of the victim's medical records, (3) impeach Preston, and (4) prepare and advise the defendant.[5]

A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. A claim of ineffective assistance of counsel is analyzed under the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Fuller*, 454 So. 2d 119, 125 n.9 (La. 1984). The defendant must show (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. *Strickland*, 466 U.S. at 687, 694, 104 S.Ct. at 2064. Counsel's performance is deficient when it can be shown that he made errors so serious that he was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To show prejudice, the defendant must demonstrate that but for the counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. It is unnecessary to

---

[5] The defendant also contends his defense counsel failed to object to leading questions by the prosecution. A leading question is one that suggests the answer the witness is expected to give, and, in general, should not be used on the direct examination of a witness. *See* La. Code Evid. art. 611C. The defendant did not provide a record reference or specify which witness or witnesses were asked leading questions by the prosecutor. Nor did the defendant state how he was prejudiced in this regard. Moreover, the use of leading questions is largely within the discretion of the trial court and only a clear abuse of discretion that prejudices the defendant's rights will justify reversal of a conviction. *See State v. Odom*, 03-1772 (La. App. 1 Cir. 4/2/04), 878 So. 2d 582, 592, *writ denied*, 04-1105 (La. 10/8/04), 883 So. 2d 1026.

address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. *State v. Mills*, 13-0573 (La. App. 1 Cir. 8/27/14), 153 So. 3d 481, 497, *writs denied*, 14-2027 (La. 5/22/15), 170 So. 3d 982 *and* 14-2269 (La. 9/18/15), 178 So. 3d 139.

A claim of ineffective assistance of counsel is generally relegated to post-conviction relief, unless the record permits definitive resolution on appeal. *State v. Bright*, 98-0398 (La. 4/11/00), 776 So. 2d 1134, 1157. Decisions relating to investigation, preparation, and strategy cannot possibly be reviewed on appeal. *State v. Robinson*, 18-1005 (La. App. 1 Cir. 4/10/19), 275 So. 3d 938, 946. The defendant's allegations of ineffective assistance of counsel with respect to the admission of the firearm, failing to obtain the victim's medical records or a forensic witness, and failing to advise and prepare the defendant for trial cannot be sufficiently investigated from an inspection of the record alone. Accordingly, these allegations are more properly reserved for an application for post-conviction relief, subject to the requirements of Louisiana Code of Criminal Procedure articles 924 through 930.9. However, the record is adequate to resolve the remaining allegations.

*Hearsay and Leading Questions*

The defendant contends his defense counsel was ineffective in allowing Detective Joe Anderson to testify as to hearsay statements made by Amber, Preston, and Michelle Law (Preston's sister), which implicated the defendant and provided corroborating testimony regarding a bat located in Preston's vehicle and the gun the defendant allegedly sold. Detective Anderson testified Michelle informed him during her interview that she started dating the defendant a week or so before the crime. She stated when the defendant and Preston came home the night of the incident, she heard Preston talking about the blood on his clothes. Detective Anderson also stated Michelle told him Preston kept a bat in his vehicle.

Detective Anderson testified the bat was located and seized during execution of a search warrant. Detective Anderson further testified that Preston was arrested and confirmed the defendant was armed with a gun at the time of the offense, which Preston identified as a Rossi .243. Preston further confirmed the gun was loaded and the defendant attempted to shoot Ryan several times, but the gun would not fire. Preston stated the defendant sold the gun to George Robichaux and provided his address.

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. La. Code Ev. art. 801C. However, if the statement is offered for any other purpose, it is not hearsay. *State v. Patton*, 10-1841 (La. App. 1 Cir. 6/10/11), 68 So. 3d 1209, 1219-20. The improper introduction of hearsay evidence will be considered harmless error if it is determined the hearsay evidence was cumulative and corroborative of other properly admitted evidence and did not contribute to the verdict. *State v. Stokes*, 14-1562 (La. App. 1 Cir. 6/17/15) 175 So. 3d 419, 423.

Review of the trial transcript reveals the testimony in question consisted of information relayed to Detective Anderson during his investigation. Such testimonial evidence by a police officer is admissible to explain the sequence of events leading to the defendant's arrest when there is no indication the evidence is presented to prejudice the defendant. *State v. Mitchell*, 16-0834 (La. App. 1 Cir. 9/21/17), 231 So. 3d 710, 726, *writ denied*, 17-1890 (La. 8/31/18), 251 So. 3d 410. Here, the testimony was offered to explain the course of a police investigation and there is no indication it was presented to prejudice the defendant; therefore, the testimony was arguably not hearsay.

The testimony at issue was also cumulative, as it was presented during other unchallenged testimony and evidence presented at trial. Preston testified the bat introduced into evidence was removed from his truck (though he denied having it

6

at the time of the offense). The defendant does not challenge the admissibility of the bat or Detective Anderson's testimony that the bat was located in Preston's truck. Further, Preston testified that after the incident, he was questioned regarding his swollen hand and told Michelle and his mother that his hand was swollen from the fight that he had with Ryan. Additionally, Preston identified the gun, confirmed the defendant repeatedly attempted to fire the gun, and testified the defendant sold the gun to George Robichaux, who also testified at trial and confirmed the same.

Any error in admitting the testimony in question was harmless. *See* La. Code Crim. Pro. art. 921; *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S. Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). The defendant's claim of ineffective assistance of counsel for failing to object to the testimony fails.

*Other Crimes Evidence*

The defendant contends his defense counsel was ineffective in failing to object to prejudicial evidence of other bad acts or other crimes evidence, when the state failed to provide notice of intent to use that evidence.[6]

Evidence of other crimes is generally inadmissible because of the substantial risk of unfair prejudice to the defendant. *See* La. Code Evid. art. 404B(1); *State v. Becnel*, 16-1297 (La. App. 1 Cir. 4/20/17), 220 So. 3d 27, 33, *writ denied*, 17-1023 (La. 3/9/18), 238 So. 3d 451. Louisiana Code of Evidence article 404B(1) provides several exceptions to this rule, including other crimes evidence that "relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." This exception, sometimes referred to as *"res gestae,"* incorporates a rule of narrative completeness without which the

---

[6] While the defendant's appeal brief does not specifically identify the evidence to which his defense counsel failed to object, at the hearing on his motion for new trial he argued his attorney failed to object to evidence regarding a prior conviction, the fact that he was in jail, and his flight from the police.

state's case would lose its narrative momentum and cohesiveness. *State v. Odenbaugh*, 10-0268 (La. 12/6/11), 82 So. 3d 215, 251, *cert. denied*, 568 U.S. 829, 133 S.Ct. 410, 184 L.Ed.2d 51 (2012). Such evidence forms part of the *res gestae* when the crimes are so related and intertwined with the charged offense that the state cannot accurately present its case without reference to it. The evidence completes the story of the crime by providing context to the events. *See Odenbaugh*, 82 So. 3d at 251.

Erroneous admission of other crimes evidence is subject to a harmless error analysis. *Odenbaugh*, 82 So. 3d at 251. An error is harmless if the jury's verdict actually rendered at trial was surely unattributable to the error. *Odenbaugh*, 82 So. 3d at 251 (*quoting Sullivan*, 508 U.S. at 279, 113 S.Ct. at 2081).

On count one, the defendant was charged with possession of a firearm by a convicted felon, in violation of Louisiana Revised Statute 14:95.1. To convict, the state was required to prove beyond a reasonable doubt the defendant had (1) possession of a firearm, (2) a prior conviction for an enumerated felony, (3) an absence of the ten-year statutory period of limitation, and (4) the general intent to commit the offense. *State v. Bias*, 14-1588 (La. App. 1 Cir. 4/24/15), 167 So. 3d 1012, 1019, *writ denied*, 15-1051 (La. 5/13/16), 191 So. 3d 1053. Proof the defendant is indeed a convicted felon is an essential element of the crime. Further, testimony regarding the defendant's evasion and flight immediately after the offense constituted *res gestae*, properly admitted for the sake of narrative completeness. The defendant has failed to show deficiency in defense counsel's performance based on the admission of other crimes evidence.

*Impeachment*

The defendant argues his defense counsel was ineffective in failing to properly impeach Preston with a "prior inconsistent statement" and the plea deal Preston made with the state in exchange for his testimony against the defendant.

He claims Preston's testimony was pivotal in corroborating the defendant's participation in the crime and the impeachment evidence was necessary for the jury to assess Preston's credibility.

In making his argument, the defendant did not specify the prior inconsistent statement allegedly made by Preston. However, he referenced the trial testimony of Sergeant Ray Traigle, a detective with the Lafourche Parish Sheriff's Office, who identified the bat admitted into evidence. During cross examination, defense counsel asked Sergeant Traigle, "In Preston Law's statement, did he ever indicate to you that he would have used a bat?" He responded, "No, ma'am." The state then objected to the questioning, contending it was an attempt to elicit hearsay for impeachment purposes without the proper foundation. The state argued defense counsel should have confronted Preston with the statement and given him an opportunity to refresh his memory before attempting to impeach him. In response, defense counsel explained she did not question Preston regarding the transcribed statement because Sergeant Traigle had not yet testified. The trial court agreed with the state and sustained the objection.

Unsupported assertions of deficiency do not support a Sixth Amendment claim for ineffective assistance of counsel. *See State v. Prater*, 15-0079, 2015WL6835423, *11 (La. App. 1 Cir. 11/6/15), *writ denied*, 15-2234 (La. 4/22/16), 191 So. 3d 1046. Sergeant Traigle responded negatively when asked if Preston indicated that he would have used a bat. Consistent with Sergeant Traigle's response, during his trial testimony, Preston denied having or using the bat during the instant offenses. Further, regarding his plea deal, the state questioned Preston in that regard and he admitted he was charged with attempted first degree armed robbery, pled guilty to robbery, and was going to be sentenced to five years imprisonment after the defendant's trial. During cross-examination, defense counsel again asked Preston about his guilty plea to robbery. Considering

9

this, the defendant has failed to support his claim of the existence of a prior inconsistent statement that could have been used to impeach Preston.

The defendant failed to meet his burden of proof on the above asserted ineffective assistance of counsel claims; therefore, the trial court did not err in denying the motion for new trial insofar as it was premised on those claims. In all other regards, the claims raised in this assignment of error are not subject to appellate review.

## SENTENCE

In a combined argument on assignments of error numbers two and three, the defendant contends the trial court erred by imposing an excessive sentence and in denying the motion to reconsider sentence. The defendant argues the consecutively imposed maximum sentences, which amount to one hundred twenty four years of imprisonment, amount to an unconstitutionally excessive sentence as applied to him. He points out he is thirty-one years old and will serve a life sentence, while his two co-defendants who admitted their participation received significantly lighter sentences.

Both the United States and Louisiana constitutions prohibit the imposition of excessive or cruel punishment. *See* U.S. Const. amend. VIII; La. Const. art. I, § 20. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. *State v. Sepulvado,* 367 So. 2d 762, 767 (La. 1979). A sentence is unconstitutionally excessive if it is grossly disproportionate to the severity of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. *State v. Shaikh,* 16-0750 (La. 10/18/17), 236 So. 3d 1206, 1209 (*per curiam*). A sentence is grossly disproportionate if it shocks one's sense of justice when the crime and punishment are considered in light of the harm to society. *State v. Weaver,* 01-0467 (La. 1/15/02), 805 So. 2d 166, 174. The sentence will

not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. *State v. Lobato,* 603 So. 2d 739, 751 (La. 1992).

Louisiana Code of Criminal Procedure article 894.1 sets forth what must be considered by the trial court before imposing a sentence. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect the guidelines were adequately considered. *State v. Herrin,* 562 So. 2d 1, 11 (La. App. 1 Cir.), *writ denied,* 565 So. 2d 942 (La. 1990). A review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for the sentencing decision. *Herrin,* 562 So. 2d at 11. Remand for full compliance with Article 894.1 is unnecessary when a sufficient factual basis for the sentence is shown. *See State v. Lanclos,* 419 So. 2d 475, 478 (La. 1982).

Louisiana law favors concurrent sentences for crimes committed as part of the same transaction or series of transactions; however, the trial court retains the discretion to impose consecutive sentences on the basis of other factors, including past criminality, violence in the charged crimes, or the risk the defendant poses to the general safety of the community. *See* La. Code Crim. Pro. art. 883; *State v. Thomas,* 98-1144 (La. 10/9/98), 719 So. 2d 49 (*per curiam*); *State v. Underwood,* 353 So. 2d 1013, 1019 (La. 1977). Thus, even if convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive. *State v. Riles,* 06-1039 (La. App. 1 Cir. 2/14/07), 959 So. 2d 950, 956, *writ denied,* 07-0695 (La. 11/2/07), 966 So. 2d 599. The trial court abuses its discretion by imposing consecutive sentences only when it contravenes the constitutional prohibition of excessive punishment. *Thomas,* 719 So. 2d at 49. Additionally, maximum sentences are ordinarily reserved for the most egregious and blameworthy offenders who have committed the most serious violations of the

charged crime. *State v. Strother*, 09-2357 (La. 10/22/10), 49 So. 3d 372, 380; *see also State v. Mischler*, 18-1352 (La. App. 1 Cir. 5/31/19), ___ So. 3d ___, ___ (2019WL2334219, *13).

In imposing the sentences, the trial court noted the offenses were committed approximately ninety days after the defendant was released from jail for a prior offense. The trial court also stated the offenses involved not only the use of a firearm, but also what the court deemed "callus and unusual viciousness." The trial court continued, "Sir, but for the fact that you did not know how to use a safety on [the gun], there is no doubt in this Court's mind that Mr. Kraemer would be dead today. You attempted on three or four different occasions to pull the trigger. And it was only the lack of experience on your part of how to use that safety device that spared the victim's life."

The trial court sufficiently considered the factors set forth in Article 894.1 and concluded the aggravating circumstances of the crimes outweighed any mitigating circumstances in this case. The record supports the trial court's finding that the defendant exhibited deliberate cruelty and was persistent in his attempts to shoot the victim, even after the victim fled to his vehicle. *See* La. Code Crim. Pro. art. 894.1B(1). Considering the reasons for sentencing given by the trial court, the testimony presented at trial, and the record as a whole, the trial court did not manifestly abuse its discretion in sentencing the defendant to the maximum terms of imprisonment and ordering that they be served consecutively.[7] *Compare State v. Mickey*, 604 So. 2d 675, 679 (La. App. 1 Cir. 1992), *writ denied*, 610 So. 2d 795 (La. 1993); *see also State v. Thomas*, 572 So. 2d 681, 685 n.3 (La. App. 1 Cir. 1990), *writ denied*, 604 So. 2d 994 (La. 1992) ("noting the well-settled proposition that sentences must be individualized to the particular offender and the offense

---

[7] The additional five year sentence pursuant to Section 14:64.3 is statutorily required to be served consecutively; therefore, its imposition did not involve the trial court's discretion.

committed, we find little value in making such sentencing comparisons"). Therefore, we find no error in the trial court's denial of the motion to reconsider sentence.

## REVIEW FOR ERROR

Pursuant to Louisiana Code of Criminal Procedure article 920, this court routinely conducts a review for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. After a careful review of the record, we have found a sentencing error.

Upon conviction for being a convicted felon in possession of a firearm, Louisiana Revised Statute 14:95.1B mandates imposition of a fine of not less than $1,000.00 nor more than $5,000.00. The defendant's sentence does not include any fine. Because the sentence does not comply with the legislatively mandated sentencing range in Section 14:95.1B, it is illegally lenient. *State v. Carter*, 16-1078 (La. App. 1 Cir. 12/22/16), 210 So. 3d 306, 309; *see also State v. Bell*, 14-1046 (La. App. 1 Cir. 1/15/15), 169 So. 3d 417, 426; *State v. Passow*, 13-0341 (La. App. 1 Cir. 11/1/13), 136 So. 3d 12, 15.

The defendant has no constitutional or statutory right to an illegally lenient sentence. *See State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790, 797; *see also State v. Kondylis*, 14-0196 (La. 10/3/14), 149 So. 3d 1210, 1211. As an appellate court, we are authorized to correct an illegal sentence that involves no more than the ministerial correction of a sentencing error. *See* La. Code Crim. Pro. art. 882A; *State v. Haynes*, 04-1893 (La. 12/10/04), 889 So. 2d 224 (*per curiam*). In general, imposition of a mandatory minimum fine can be considered nothing more than the ministerial correction of a sentencing error. *See Carter*, 210 So. 3d at 309; *State v. Robertson*, 14-0252, 2014WL4668685, *6 (La. App. 1 Cir. 9/19/14) (illegally lenient sentence under Section 14:95.1B was amended on appeal to include the minimum fine of $1,000.00); *contrast Haynes*, 889 So. 2d at 224

(finding that court of appeal erred by amending an illegally lenient sentence under Section 14:95.1B to include the *maximum* fine of $5,000.00).

An amendment of the defendant's sentence on count one to include this nondiscretionary fine, in the minimum amount, does not constitute a due process violation because neither actual retaliation nor vindictiveness exists in this correction. *See Carter*, 210 So. 3d at 310; *Robertson*, 2014WL4668685 at *6; *State v. Gregoire*, 13-0751 (La. App. 1 Cir. 3/21/14), 143 So. 3d 503, 510, *writ denied*, 14-0686 (La. 10/31/14), 152 So. 3d 151. Accordingly, we amend the defendant's sentence for his conviction on count one to include a fine in the minimum amount of $1,000.00.

**CONVICTIONS AFFIRMED; SENTENCE ON COUNT ONE AMENDED AND, AS AMENDED, AFFIRMED; SENTENCE ON COUNT TWO AFFIRMED.**

14